Silas D. Gifford, as Receiver, etc., Respondent, v. The Father Matthew Total Abstinence Benefit Society, No. 1, of Tuckahoe, N. Y., William P. O'Connor, Executor, etc., Appellant.

A grantee, who is in undisturbed possession and enjoyment of the premises conveyed to him, may not retain that possession and at the same time withhold the purchase-price; and where by his deed he has assumed and agreed to pay a mortgage on the premises, he cannot while holding possession avoid the obligation of his covenant on the ground that the deed is invalid.

(Argued December 9, 1886; decided January 18, 1887.)

Appeal by defendant, William P. O'Connor, executor of John McEvoy, deceased, from a judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 15, 1885, which affirmed, so far as appealed from, a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 38 Hun, 350.)

This action was brought to foreclose a mortgage executed by defendant, The Father Matthew Total Abstinence Benefit Society.

The appellant was sought to be charged with any deficiency arising on sale because of a covenant in a deed of the premises from the mortgagor to his testator, by which the latter assumed and agreed to pay the mortgage. The defense was that the deed from the society was imperfect and invalid The testator was put in possession. He subsequently conveyed the premises. It did not appear that his grantee had ever been evicted, or that he still remained in possession. The appeal was from so much of the judgment of foreclosure as ordered a judgment against the appellant for any deficiency.

*T. G. Barry* for appellant. Corporations have no inherent power to reduce the number of their trustees. The number is fixed by the act or certificate of incorporation, and can only be changed by statute. (*Trustees of Vernon Society* v. *Hill*,

6 Cow. 23 ; *People* v. *Runkel,* 9 Johns. 147 ; *Moore* v. *Rector,* *etc., of St. Thomas,* 21 Abb. [N. C.] 51.)   A resolution passed at a general meeting of the corporators is not the act of the trustees, though a majority of the trustees be present and concur. (*Cammeyer* v. *United German Lutheran Church,* 46 N. Y. 131 ; 2 Sand. Ch., 186.)   The court never acquired jurisdiction to make the order for the conveyance.   *Baptist Church case* (*supra.*)   Without an order any sale made by a religious society is void.   (*Manning* v. *Moscow Presby. Society,* 27 Barb. 52.)   No title having passed under the deed to John McEvoy there was no consideration for the alleged covenant of assumption.   (*Crowe* v. *Lewin,* 95 N. Y. 423 ; *Judson* v. *Dada,* 79 id. 379.)   In an action to foreclose the mortgage, a grantee of the mortgaged premises who has assumed the mortgage is not estopped, so long as he or his grantees are not evicted, from defending against liability under the covenant of assumption. (*Parkinson* v. *Sherman,* 74 N. Y. 88 ; *Waldron* v. *McCarty,* 3 John, 471 ; *Kerr* v. *Shaw,* 13 id. 236 ; *St. John* v. *Palmer,* 5 Hill, 599 ; *Simis* v. *Salters,* 3 Duer, 214 ; *Withers* v. *Morrill,* 3 Edw. Ch. 560.)   A mortgagee who seeks to avail himself of an assumption clause in a subsequent deed of the premises, takes through and under the grantor, and is subject to defenses arising out of the contract or transaction between the parties to the deed.   (*Flagg* v. *Munger,* 9 N. Y. 483 ; *Dunning* v. *Leavitt,* 85 id. 30 ; *Fox* v. *Heath,* 16 Abb. Pr., 162 ; *Baptist Church case* [*supra*] ; *Clute* v. *Jones,* 28 N. Y. 280 ; *Albany Savings Inst.* v. *Burdick,* 87 id. 40 ; *Dey Ermand,* v. *Chamberlain,* 88 id. 658 ; *Kelly* v. *Geer,* 101 id. 664 ; *Vrooman* v. *Turner,* 69 id. 280.)   A purchaser who, by a valid instrument, for a good consideration has assumed the payment of a mortgage, is personally liable for any deficiency.   (*Lawrence* v. *Fox,* 20 N. Y. 268 ; *Garnsey* v. *Rogers,* 47 id. 233, 236, 239 ; *Judson* v. *Dada,* 79 id. 379 ; *Dunning* v. *Leavitt, supra.*)

*Ralph E. Prime* for respondent.   The deed having been recorded in the proper office, a presumption of delivery and

acceptance arises, and it is inferred in law that it was duly delivered and accepted. (*Lawrence* v. *Farley*, 24 Hun, 293; *Knolls* v. *Barnhart*, 71 N. Y. 478; *Fisher* v. *Hall*, 41 id. 423; *Robinson* v. *Wheeler*, 25 id. 260; *Jackson* v. *Perkins*, 2 Wend. 308; *Gilbert* v. *N. A. Fire Ins. Co.*, 23 id. 46; *Frayer* v. *Rockefeller*, 63 N. Y. 273; *Jackson* v. *Bodle*, 20 Johns. 184; *Spencer* v. *Carr*, 45 N. Y. 440.) The attempt to impeach the title conveyed, by an attack upon the right of the mortgagor to convey to McEvoy, was not material or relevant. (*Parkinson* v. *Sherman*, 74 N. Y. 88; *Parkinson* v. *Jacobson*, 13 Hun, 318; *Curtis* v. *Burr*, 39 Barb. 661; *Abbot* v. *Allen*, 2 Johns. Ch. 519; *Bumpus* v. *Platner*, 1 id. 213.) The grantee in a deed has no remedy for a failure of title against his grantor, in absence of fraud or mistake except upon covenants in his deed, and when he has no covenants he has no remedy. (*Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 256.) The validity of the order authorizing the conveyance to McEvoy cannot be questioned by the appellant who was not a party to the proceeding, nor indeed can it in any event be questioned collaterally or in a collateral proceeding. (*Porter* v. *Purdy*, 29 N. Y. 110, 113; *Rusher* v. *Sherman*, 28 Barb. 416; *Morrill* v. *Dennison*, 8 Abb. 401; *Roderigas* v. *E. R. Sav. Inst.*, 63 N. Y. 460; *Miller* v. *Brinckerhoff*, 4 Denio, 118; *Slater* v. *Fairchild*, 3 N. Y. 41; *Skinnion* v. *Kelly*, 18 id. 355; *Arnold* v. *Nichols*, 64 id. 117; *Pike* v. *Seiter*, 15 Hun, 402; *Claflin* v. *Ostrom*, 54 N. Y. 581; *Campbell* v. *Smith*, 71 id. 28; *Green* v. *Fry*, 93 id. 353.)

Finch, J. The question presented on this appeal is not an open one. Granting for the sake of the argument, what is by no means certain, that the title conveyed to McEvoy by the corporate deed was imperfect and invalid, it does not follow that while as grantee he remains in the undisturbed possession and enjoyment of the premises he can retain that possession and at the same time withhold the purchase-price and so keep the fruit of his contract while repudiating its obligation. By the terms of the deed which he accepted

the mortgage debt was in substance the purchase-money which he agreed to pay directly to the mortgagee for the relief and discharge of the mortgagor. The force of the covenant left him practically in the same situation as if he had given back a purchase-money mortgage with a bond or covenant to pay the debt directly to his grantors, and while retaining his possession and undisturbed therein, was resisting, if not the foreclosure, at least a judgment upon his covenant. That cannot be done. (*Parkinson* v. *Sherman*, 74 N. Y. 88.) That case covers broadly all that is involved in this. There an action was brought to foreclose a mortgage which the grantee of the mortgagor had assumed and agreed to pay, and judgment was sought for a deficiency against such grantee. The answer averred that the title made to the grantee was utterly invalid, and at the date of the deed was in a third person who remained the owner. The court held that, inasmuch as the grantee was presumably in possession and alleged no eviction, and made no offer of surrender as a basis for equitable relief, the failure of title furnished no defense either to the mortgage or the covenant to assume and pay it. The case is decisive against the defense here interposed. The defendant, McEvoy, was shown affirmatively to have been put in possession and to have afterward conveyed to McCloskey. There is no allegation of an eviction or pretense that the possession has been disturbed. The corporate grantor has disbanded, leaving a future assertion of title in it extremely improbable, but if that should occur and prove successful, which is hardly to be anticipated, I think equity would not be powerless if McEvoy should pay the deficiency, by a revival of the mortgage to that extent, or some process of subrogation, to furnish proper and adequate relief. But in view of the foreclosure and the passing of the title under the mortgage, the validity of which nobody disputes, any action by the disbanded corporation is improbable and almost absurd. If the grantee should be called upon by the corporation to account for the rents and profits received I have no doubt that a recovery could be limited to those received in excess of the deficiency

paid. But, be that as it may, there is no doubt of the rule which excludes the defense attempted. In *Dunning* v. *Leavitt* (85 N. Y. 30) there was an eviction, and so a total failure of consideration for the covenant of assumption. In *Crowe* v. *Lewin* (95 N. Y. 423) there was a mistake of fact which invalidated the entire contract and carried down with it the assumption agreement. The cases finally cited, of which *Albany City Savings Inst.* v. *Burdick* (87 N. Y. 40), is a type, concern only the question whether any contract of assumption was ever in fact made. The effort of the appellant to escape the operation of the rule invoked, by treating the contract of assumption as independent of the consideration of the grant and outside of the contract of sale, and so within the principle of *U. A. Baptist Church* v. *Baptist Church in O Street* (46 N. Y. 131, 139) cannot be sustained. By the terms of the accepted deed the assumption of the mortgage was itself the substantial consideration of the grant.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.