JANE E. MERRITT, APPELLANT, v. JOHN W. S. GOULEY, RESPONDENT, IMPLEADED WITH OTHERS.

*Foreclosure of a purchase-money mortgage — answer setting up a breach of a covenant of seizin in the deed given by the mortgagee.*

In an action for the foreclosure of a purchase-money mortgage, in which a judgment for deficiency is asked against the mortgagor, an answer setting up a counter-claim for damages arising by reason of a breach of a covenant of seizin contained in the deed of conveyance executed by the mortgagee to the mortgagor may be properly interposed.

*McConihe* v. *Fales* (107 N. Y., 404); *Kirtz* v. *Peck* (113 id., 222) distinguished.

APPEAL by the plaintiff from an order of the Supreme Court, made at a Special Term thereof held in the county of Dutchess on the 12th day of August, 1890, and entered in the office of the clerk of the county of Westchester on the 15th day of August, 1890, which denied a motion made by the plaintiff for judgment on the pleadings.

The answer contained, among other things, the following allegation:

The defendant further answering the complaint of the plaintiff herein, as a separate and distinct defense and by way of counter-claim to the claim of the above named plaintiff, respectfully shows:

*First.* That the above named plaintiff and one George Merritt, her husband, on or about the 18th day of February, 1882, made, executed and delivered to him a full covenant warranty deed duly signed, sealed and acknowledged by said Jane E. and George Merritt, aforesaid, which said deed, in consideration of the sum of $10,000, purported to convey to him, the above named defendant, the same premises and tract of land described in the mortgage set forth in the complaint herein, and by the same description therein contained, which said deed was thereafter on the 4th day of March, 1882, duly recorded in the office of the register of the county of Westchester, in Liber 1005 of Deeds, at page 296.

*Second.* That upon receiving the aforesaid deed and relying upon the covenants therein contained, and the truth of the same, he, the above-named defendant, paid to the above-named plaintiff in cash the sum of $3,750 (the sum required to make up $4,000), $250 having been heretofore paid the plaintiff in cash at the time of signing the contract for the sale and purchase of the premises described in the complaint herein, and in payment of the balances of the consideration expressed in the said deed, to wit, $6,000, he made, executed and delivered to the above-named plaintiff, the bond and mortgage set forth in the complaint herein, which were, as in the complaint herein set forth, given to secure a part of the purchase-money of the premises described therein, and then purported to be conveyed by the plaintiff herein to the above-named defendant as aforesaid.

*Third.* That the said deed from Jane E. Merritt, the above-named plaintiff and her husband, to this defendant contained, among other things, a covenant of seizin and right to convey, of which the

following is a copy : "And the said parties of the first part for them-
selves, their heirs, executors and administrators, do covenant, grant
and agree to and with the said party of the second part, his heirs
and assigns that the said Jane E. Merritt, at the time of the
sealing and delivery of these presents, is lawfully seized in her own
right of a good, absolute and indefeasible estate of inheritance in
fee simple of and in all and singular the above granted and described
premises with the appurtenances, and has good right, full power
and lawful authority to grant, bargain, sell and convey the same in
manner aforesaid."

*Fourth.* Defendant further states, on information and belief, that
the said Jane E. Merritt at the time of the sealing and delivery of
the deed aforesaid to him, and which deed contained the covenants
last above fully set forth, was not lawfully seized in her own right
of a good, absolute and indefeasible estate of inheritance in fee
simple in and to all and singular the premises and appurtenances
described and mentioned in the said deed from her to the defendant
above named, and which deed contained the aforesaid covenant, nor
had she good right, full power and lawful authority to grant, bargain,
sell and convey all of said land and appurtenances to the above
named defendant, nor were said statements to that effect contained
in said deed true, for the reason as plaintiff is informed and believes,
that at the time of signing, sealing and delivery of the deed afore-
said from plaintiff herein to the above-named defendant, and the
making of the covenants therein contained, Charles E. Purdy and
Walter M. Purdy, who were then infants, both under fourteen years
of age, were seized in their own right in fee simple, to an undivided
half of the premises described in the complaint herein.

*Fifth.* That the defendant above-named has paid to the plaintiff
above named, relying on the covenants and the truth thereof, con-
tained in the deed above referred to, and fully set forth, the sum of
$900, as and for interest on the mortgage set forth in the com-
plaint herein, and has also expended for improvements and taxes on
the said premises the further sum of $856.87, making in all the sum
of $1,756.87.

*Sixth.* And the above-named defendant, further answering, states
and alleges : That he is ready and willing and hereby offers to sign,
seal and deliver to the plaintiff a proper conveyance (in which his

wife will join) of the premises described in the complaint herein in order to place her in the same position in regard to said premises as she was prior to the purported conveyance thereof to him, and to account to and pay her for all rents received by him, on the above-named plaintiff surrendering to him and also canceling the bond and mortgage described in the complaint herein, and also paying to him the sum of $4,000, with interest from February, 1882, and the further sum of $1,756.87 paid by him for interest on said mortgage, taxes and improvements, with interest thereon, making in all the sum of $5,756.87, with interest as aforesaid.

*David Verplanck*, for the appellant.

*Michael H. Cardozo* and *Edgar J. Nathan*, for the respondent.

PRATT, J.:

This is a foreclosure suit of a purchase-money mortgage wherein a judgment of deficiency is prayed for, in case a sale fails to produce an amount sufficient to pay the mortgage, with interest and costs.

The answer, among other matters, puts in issue the amount claimed to be due, by setting up a counter-claim for damages by reason of a breach of the covenant of seizin in the deed. The plaintiff moved to strike out the answer as sham and irrelevant, and for judgment upon it as frivolous.

It is a sufficient answer to this motion that it would require argument to prove that it was frivolous. It is only in cases where the answer is so clearly bad as to require no argument or illustration that the same can be stricken out as frivolous. (*Strong* v. *Sproul*, 53 N. Y., 497.) Again, that part of the order was not appealable under section 537 of the Code of Civil Procedure.

The answer is not sham, for it is not proved to be false, and it is not irrelevant if it sets up any defense that can be proved upon the trial. The defendant had a right to contest the amount due, and it was a proper way to do that by setting up a counter-claim.

If the plaintiff, at the time the deed was delivered, had no title to or possession of the property, there was a breach of the covenant of seizin at the instant of such delivery, which entitled the defendant to damages, and there is no reason in saying that he shall be driven to separate suit upon that covenant when proper relief can be

obtained in this one suit. The plaintiff asked for a personal judgment against the defendant upon an action of contract, and the defendant's claim arises out of contract and falls within the description of a counter-claim under the Code (§ 501). (*Hunt* v. *Chapman* 51 N. Y., 555; *Bathgate* v. *Haskin*, 59 id., 533; *Seligman* v. *Dadley*, 14 Hun, 186; Wiltsie on Foreclosure, § 376.) It is true that it has been held that a breach of the covenant of a deed without eviction cannot be pleaded in bar of a suit to foreclose a purchase-money mortgage.

In *McConihe* v. *Fales* (107 N. Y., 404) it is held that a failure of title is no defense to a foreclosure suit without an allegation of fraud in sale or an eviction. But in that case there was no breach of covenant set up as a counter-claim to reduce the amount due in equity upon the bond. The late case of *Kirtz* v. *Peck* (113 N. Y., 222) is to the same effect, but I find no case decided since the enactment of section 501 of Code of Civil Procedure which holds that a breach of the covenant of seizin cannot be set up as a counter-claim under such circumstances as exist here.

The order is affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.