### In re STANDARD LAUNDRY CO.

#### (Circuit Court of Appeals, Ninth Circuit. May 12, 1902.)

#### No. 779.

1. BANKRUPTCY—CHATTEL MORTGAGE—MERGER—ESTOPPEL.

   The owner of a mortgage on certain personal property bought the property, and then sold it, subject to the mortgage "now subsisting upon the said personal property, and which is assumed to be paid by" the purchaser. The purchaser was thereafter adjudged a bankrupt, and it was stipulated that the property be sold, and the money realized therefor be paid to the party entitled thereto. The trustee claimed that the mortgage was void as to creditors, and that the lien had merged in the legal title and was conveyed to the bankrupt. *Held,* that, the purchase having been made subject to the mortgage, the purchaser and the trustee, who took his title, were estopped from questioning the validity of the mortgage; hence the proceeds of the sale should be paid to the mortgagee.

Petition to Review an Order of the District Court of the United States for the Northern District of California, in Bankruptcy.

The facts found by the referee are substantially as follows: On April 17, 1899, the Sun Laundry Company made its certain promissory note to Eugene S. Perkins for $1,000, payable one year after date, with interest, etc., and to secure the payment of said note executed its certain mortgage to said Perkins upon certain personal property herein designated as laundry machinery and materials; that the mortgage was properly acknowledged and duly recorded; that Perkins transferred the same to one Muller, who was the actual lender of the money, and was at all times the true party in interest in said mortgage; that on August 24, 1899, the property was sold at constable sale to one Bercovich for the sum of $200, and in the certificate of sale given to the purchaser it was expressly set forth that the property was sold subject to the chattel mortgage of $1,000; that on August 24, 1899, said Bercovich sold the same to Ottmar Muller; that thereafter said Muller sold the property to the Standard Laundry Company, and in the bill of sale, given by the said Muller to the Standard Laundry Company, there was a clause wherein it was stated that the property was sold subject to a chattel mortgage for $1,000, "now subsisting upon the said personal property and which is assumed

to be paid by the second party hereto." It was stipulated that the property be sold, and that the money realized from the sale be paid to the party entitled thereto. The referee decided in favor of Muller, and ordered the trustee to pay him the money realized from such sale. This order was affirmed by the district court. 112 Fed. 126.

Crowley & Leach, for bankrupt and trustee.
Samuel Bell McKee, for Muller.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge, after stating the facts as above, delivered the opinion of the court.

The petition for review shows that the trustee refused to pay the note held by Muller on the grounds "(1) that the chattel mortgage was void as to the creditors of said bankrupt because it was not executed in accordance with the statute relating to chattel mortgages; (2) that the said chattel mortgage was void as to the creditors of said bankrupt, inasmuch as it covers property which cannot be made the subject of a chattel mortgage under the laws of this state; (3) that, if ever valid, the mortgage lien had been merged in the legal title, and was conveyed by Muller to the bankrupt."

If the contest was between the creditors of the Sun Laundry Company and the mortgagee, it might be necessary to consider and dispose of these questions seriatim. But the controversy herein is not between those parties, and will therefore be disposed of on other grounds.

Did the court err in affirming the order made by the referee directing the trustee to pay Muller the proceeds arising from the sale of the laundry machinery and materials, which was, as found by the referee, subject to the lien of the chattel mortgage held by Muller? In the consideration of this question it must be borne in mind that this is not a case where the trustee is authorized, as the representative of the creditors, to bring suit for the recovery of property which had been disposed of by the bankrupt in fraud of its creditors. There was no fraud in fact or in law against the creditors of the bankrupt herein. The facts of this case are undisputed. The bankrupt acquired title to the property in controversy under a bill of sale executed to it by Muller, which recited that the property was purchased "subject to a chattel mortgage for $1,000 now subsisting upon the said personal property, and which is assumed to be paid by the second party hereto." The mortgage was valid between the parties thereto. Tregear v. Water Co., 76 Cal. 537, 18 Pac. 658, 9 Am. St. Rep. 245; Works v. Merritt, 105 Cal. 467, 470, 38 Pac. 1109; Bank v. Moore, 106 Cal. 673, 680, 39 Pac. 1071; Same v. Gibson, 109. Cal. 197, 41 Pac. 1008. The transaction between Muller and the Standard Laundry Company was bona fide. The Standard Laundry Company bought the property in good faith subject to the mortgage. By the terms of its purchase of the property it is estopped from denying the validity of the mortgage or of its own obligation to Muller. In a case of this character the trustee, representing the creditors, stands in the shoes of the laundry company, and is in privity with it, so far

as the title of the property is concerned. He has the same rights that the laundry company has; no more. As the bankrupt is estopped from denying the validity of the mortgage, so is the trustee. He cannot be permitted, under the well-settled principles of the law, elementary in their character, to claim the property for the benefit of the creditors of the bankrupt, and at the same time assert his right to repudiate the agreement under and by virtue of which the bankrupt obtained its title thereto. No person can apply to his own use the beneficial part of a transaction and reject its burdens. Peers v. McLaughlin, 88 Cal. 294, 299, 26 Pac. 119, 22 Am. St. Rep. 306. This, if permitted, would be inequitable, unjust, and absurd. As was said by Story, circuit justice, in Mitchell v. Winslow, 2 Story, 630, Fed. Cas. No. 9,673: "The present is a question between the assignee of a bankrupt, acting for the benefit of all the creditors, and the mortgagee, claiming title under his mortgage. * * * Now, it is most material to bear in mind, under this aspect of the case, that it is a well-established doctrine that (except in cases of fraud) assignees in bankruptcy take only such rights and interests as the bankrupt himself had, and could himself claim and assert, at the time of his bankruptcy, and consequently they are affected with all the equities which would affect the bankrupt himself if he were asserting those rights and interests. This was expressly laid down by Lord Hardwicke in Brown v. Heathcote, 1 Atk. 160, 162, where he said: 'The ground that the court go upon is this: that assignees of bankrupts, though they are trustees for the creditors, yet stand in the place of the bankrupt, and they can take in no better manner than he could.'" In Yeatman v. Savings Inst., 95 U. S. 764, 766, 24 L. Ed. 589, the court said: "The established rule is that, except in cases of attachments against the property of the bankrupt within a prescribed time preceding the commencement of proceedings in bankruptcy, and except in cases where the disposition of property by the bankrupt is declared by law to be fraudulent and void, the assignee takes the title subject to all equities, liens, or incumbrances, whether created by operation of law or by act of the bankrupt, which existed against the property in the hands of the bankrupt. Brown v. Heathcote, 1 Atk. 160; Mitchell v. Winslow, 2 Story, 630, Fed. Cas. No. 9,673; Gibson v. Warden, 14 Wall. 244, 20 L. Ed. 797; Cook v. Tullis, 18 Wall. 332, 21 L. Ed. 933; Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993; Jerome v. McCarter, 94 U. S. 734, 24 L. Ed. 136. He takes the property in the same 'plight and condition' that the bankrupt held it. Windsor v. McLellan, 2 Story, 492, Fed. Cas. No. 17,887. In Goddard v. Weaver, 1 Wood, 260, Fed. Cas. No. 5,945, it was well said that the assignee 'takes only the bankrupt's interest in the property.' He has no right or title to the interest which other parties have therein, nor any control over the same, further than is expressly given to him by the bankrupt act, as auxiliary to the preservation of the bankrupt estate for the benefit of his creditors. It would be absurd to contend that the assignee in bankruptcy became ipso facto seised and possessed in entirety, as trustee, of every article of property in which the bankrupt has any interest or share." In Parkinson v. Sherman, 74 N. Y. 88,

92, 30 Am. Rep. 268, it was held "that where a grantee of mortgaged premises takes a deed of the same subject to the mortgage, and thereby assumes to pay the mortgage, he is estopped from contesting the consideration and validity of the mortgage." To the same effect, see Stewart v. Platt, 101 U. S. 731, 738, 25 L. Ed. 816; Gifford v. Society, 104 N. Y. 139, 141, 10 N. E. 39; McConihe v. Fales, 107 N. Y. 404, 407, 14 N. E. 285; Crawford v. Edwards, 33 Mich. 354, 359.

These views are conclusive of the questions of law presented herein. The order of the district court is affirmed, with costs.