## EISMAN ET AL. v. WHALEN ET AL.

[No. 5,798.  Filed December 11, 1906.  Mandate modified January 9, 1907.]

1. PLEADING. — *Complaint.* — *Overruling Demurrer to.*—*Special Findings.*—Overruling a demurrer to the complaint is, but sustaining a demurrer is not, immaterial where there is a special finding of facts and conclusions of law.  p. 353.

2. VENDOR AND PURCHASER.—*Liens.*—*Estoppel.*—*Bankruptcy.*—*Compromise.*—*Receipt of Proceeds.*—The receipt by the holder of a vendor's lien of her *pro rata* part of the proceeds of a compromise executed by the defendant remote grantee with the trustee in bankruptcy of the holder's immediate grantee, does not estop such holder from enforcing her lien for the balance due, against the real estate purchased by defendant with notice. p. 354.

3. BANKRUPTCY. — *Trustees.*—*Incumbered Property.*—*Liens.*—A trustee in bankruptcy succeeds only to the rights of the bankrupt in his property; and if such bankrupt owned property, incumbered with liens, such trustee takes such property subject thereto.  p. 355.

4. VENDOR AND PURCHASER.—*Liens.*—*Remote Grantees.*—*Notice.*—*Husband and Wife.*—Lands in the hands of a remote grantee with notice are liable to the lien for unpaid purchase money, and such lienor, though a married woman, can assert such lien in her own name.  p. 355.

5. AMENDMENTS.—*Time for.*—*Judgment.*—*Motions.*—Upon application and motion the description in a decree may be corrected by amendment at the next term of court after its entry. p. 355.

6. PROCESS.—*Cross-Complaint.*—*When Unnecessary.*—Service of process on a cross-complaint to establish liens on real estate owned by defendant is not necessary, where the complaint sets out such claims and makes defendant and the cross-complainants defendants thereto.  p. 355.

7. VENDOR AND PURCHASER.—*Liens.*—*Remote Grantees.*—*Notice.*—*Evidence.*—Where the evidence shows that plaintiff conveyed land to her grantee, reserving a vendor's lien evidenced by a note on which defendant's husband was a surety; that such grantee conveyed said land to defendant's husband, the payment of such note being assumed; that such husband, without consideration therefor, conveyed such land through a third

person to defendant; that defendant knew such debt was unpaid; and that such grantee and such husband were bankrupts, a decree giving plaintiff a lien on such land is justified.   p. 356.

8.   APPEAL. — Decision. — Death. — Modification of Mandate. — Where a party to an appeal dies after submission of the cause, the mandate of the decision will be modified to take effect as of the date of submission.   p. 358.

From Floyd Circuit Court; William C. Utz, Judge.

Suit by Margaret J. Whalen against Delphia A. Eisman and others.   From a decree for plaintiff and cross-complainants, defendant and another appeal.   Affirmed.

Thomas J. Brock, James K. Marsh and Ward H. Watson, for appellants.

L. A. Douglass, for appellees.

COMSTOCK, J.—Suit by appellee Whalen, to enforce a vendor's lien on real estate.   The defendants were Pinkney Sellers, Delphia A. Eisman, State Building & Loan Association of Indianapolis, William Martin, Catharine Krantz, Robert Kelley, First National Bank of Jeffersonville, Citizens National Bank of Jeffersonville and Simeon S. Johnson as administrator of the estate of Louis Bottorff, deceased.   The complaint is in one paragraph.   The following is a fair summary of the pleadings:   On January 10, 1899, Pinkney Sellers, Delphia A. Eisman and John A. Eisman executed their joint promissory note to Margaret J. Whalen for $250, due twelve months after date, with seven per cent interest, without relief and with attorney's fees.   On March 4, 1899, Sellers and his wife executed to John A. Eisman a deed for the real estate involved in this suit.   The consideration of said deed was $1 and the assumption by Eisman of certain liabilities set forth in the deed.   The deed recites that "it is covenanted and agreed, by and between the grantors and grantee, that said grantee, John A. Eisman, as a part consideration of said conveyance, hereby assumes the payment of the following indebtedness owing

by said Pinkney Sellers, namely." Then follows a list of
the debts owing by Sellers, and among them the note due
appellee Whalen, which is referred to as follows:
"The note executed by said Pinkney Sellers, with John
A. Eisman as surety, in favor of Margaret J. Whalen, for
the sum of $250, bearing the date January, 1899, due
one year after date." On September 16, 1901, Eisman
and his wife executed a conveyance of the real estate to
John M. Paris, who on the same day reconveyed it to ap-
pellant Delphia A. Eisman. She paid nothing for it at
the time the conveyance was made to her, knew the various
debts recited in the deed from Sellers to John A. Eisman
had not been paid, and that the land was encumbered with
said lien for the purchase money. Sellers is insolvent, and
refuses to enforce his apparent lien for the purchase
money. The demurrer, for want of facts, of appellant
Delphia A. Eisman to this complaint was overruled. Ap-
pellees Kelley and Johnson filed cross-complaints alleg-
ing substantially the same facts as in the complaint, show-
ing that the indebtedness to them had not been paid. De-
murrers were addressed to them by appellant Eisman and
overruled, and said appellant filed her separate answer in
two paragraphs, the first, a general denial. In the sec-
ond she admitted the execution of the deed from appellant
Sellers to John A. Eisman, her husband, and made a copy
of it part of her answer, and admitted the making of the
conveyance to Paris and from Paris to her. That John A.
Eisman was, on December 24, 1901, adjudged a bankrupt;
that appellee Whalen was a creditor and filed her note and
made proof of her claim therein, and that she received
$71.82 out of the proceeds of the estate of the bankrupt.
It was averred that the conveyance from John A. Eisman
to Paris was made within four months of the adjudication
of said Eisman as a bankrupt, and that the trustee in
bankruptcy filed a petition to cancel the deeds; that a
compromise in the matter of setting aside the deeds was

made between her and the trustee; that in this compromise the trustee agreed that he would not take possession of the real estate, and she agreed to pay certain liens thereon and release her incoate interest, to the value of $200, in certain other real estate; and that the estate of the bankrupt was enhanced to the value of $———. It was further averred that appellee Whalen knew of the compromise, and that it was approved by the referee in bankruptcy. A demurrer for want of facts to this paragraph of answer filed by appellee Whalen was sustained. Appellant Sellers made denial to the complaint. As to William Martin and Catharine Kranz the suit was dismissed, and the State Building & Loan Association of Indianapolis was not found.

The suit was tried upon the complaint and denial thereto, the cross-complaints of Kelley and Johnson, and the answer of appellant Eisman in denial thereof. The cause was tried without a jury and a special finding of facts made by the court, conclusions of law stated thereon, and decree rendered in favor of appellees Whalen, Kelley and Johnson. Appellant Eisman excepted to the conclusions of law and each of them.

Appellant Eisman challenges the sufficiency of the complaint upon the ground that it does not show that the debt due appellee Whalen is for the purchase 1. money, and does not agree to pay the same. We need not consider the action of the court in overruling the several demurrers hereinbefore stated, for the reason that, where there is a special finding of facts, the overruling of a demurrer is immaterial. *Woodward* v. *Mitchell* (1895), 140 Ind. 406; *Chicago, etc., R. Co.* v. *Yauger* (1900), 24 Ind. App. 460; *Louisville, etc., R. Co.* v. *Downey* (1897), 18 Ind. App. 140. This is not the rule where the demurrer is sustained.

It is argued that the court erred in sustaining the demurrer of appellee Whalen to the second paragraph of ap-

pellant Eisman's answer to the complaint. This answer sets up as an estoppel against appellee Whalen certain proceedings had in bankruptcy of John A. Eisman in the district court for the district of Indiana, which proceedings were had in pursuance of the agreement entered into by ·and between said appellant Eisman and James J. Brock, trustee in said bankruptcy. It is averred that she, said Delphia A. Eisman, paid in full the debt she thereby obligated herself to pay, and that the estate of said bankrupt was thereby enhanced and benefited, and that said Whalen was a party to said action in bankruptcy, and that said settlement, or compromise, was approved by the referee in bankruptcy, and there was no exception filed by said Whalen. We are unable to see that this paragraph of answer sets out facts constituting a defense to the suit to enforce a vendor's lien. Appellee Whalen filed her claim against, and shared in, the distribution of the bankrupt estate. This she had a right to do, and, if not paid in full, there remained to her the right to proceed against the property upon which she had the lien. *Swarts* v. *Fourth Nat. Bank* (1902), 117 Fed. 1, 54 C. C. A. 387. The land became security for the debt when conveyed to John A. Eisman by Sellers, on March 4, 1899. Eisman was surety for the defendant before that date. The bankruptcy proceedings did not destroy the lien. Appellee Whalen could prove her claim against the Eisman estate and receive her pro rata share without surrendering any equitable right she might have against Mrs. Eisman, as a condition precedent to sharing in the distribution of the estate of her husband. The answer shows that appellee Whalen's claim was treated as a general claim and not a preferred claim. *Swarts* v. *Fourth Nat. Bank, supra.*

The trustee in bankruptcy succeeded only to the share of Sellers and Eisman in the property in question. If he

took possession he would take subject to existing liens. *Thompson* v. *Fairbanks* (1905), 196 U. S. 516, 526, 25 Sup. Ct. 306, 49 L. Ed. 577; *In re Standard Laundry Co.* (1902), 116 Fed. 476, 53 C. C. A. 644; *Brannon* v. *May* (1873), 42 Ind. 92, 101.

The debt of Mrs. Whalen was a part of the purchase money. Appellant Eisman knew the fact that it was unpaid. An equitable lien attached in favor of appellee Whalen, a right she can assert in her own name. *Ayers* v. *Randall* (1886), 108 Ind. 595; *Josselyn* v. *Edwards* (1877), 57 Ind. 212; *Diffenderfer* v. *Scott* (1892), 5 Ind. App. 243; *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539; *Ransdel* v. *Moore* (1899), 153 Ind. 393, 53 L. R. A. 753. In the compromise set out there was no adjudication of appellee Whalen's claim nor her right to a vendor's lien, nor was she a party to the compromise. The referee had no authority to make such a compromise without the approval of the court, and that approval should, but does not, appear in the answer. The demurrer was properly sustained.

Upon application and motion of appellee Whalen, the court corrected a description of the real estate in controversy, appearing in the judgment and decree. This correction was not made at the time the judgment was rendered, but at the next succeeding term. Complaint is made of this action of the court. The objection is not well taken. Courts should make their records speak the truth.

It is claimed that as there was no summons issued on the cross-complaints, nor any appearance thereto by said cross-defendant, the court had no jurisdiction over her person. The complaint discloses the character of the claims of the cross-complainants, and fairly informed appellants that these claims would be adjudicated. No process was therefore necessary. So held in *Bevier* v. *Kahn* (1887), 111 Ind. 200.

The special finding of facts show that on March 4, 1899, the defendant Pinkney Sellers owned, and, together with his wife, Emily Sellers, made and executed a deed of general warranty to John A. Eisman for the real estate in controversy. As a part of the consideration of said conveyance and purchase price said Eisman assumed the payment of certain indebtedness among which was that of the appellee Whalen, then and there owing by said Pinkney Sellers, to wit, a note executed by said Pinkney Sellers, with John A. Eisman as surety, in favor of Margaret J. Whalen, for the sum of $250, bearing date January 10, 1899, due one year after date. On September 16, 1901, said John A. Eisman, together with the defendant Delphia A. Eisman, his wife, executed a warranty deed for the same real estate to John M. Paris, for the formal consideration of $1, but in fact for no consideration. On the same day said John M. Paris, who was then and there unmarried, executed a deed of conveyance and general warranty for said real estate to defendant Delphia A. Eisman, and said Delphia A. Eisman paid no consideration for said deed. At the time said conveyance was made to Delphia A. Eisman said notes executed by said Pinkney Sellers, in favor of Margaret J. Whalen and others, were wholly due and unpaid, which fact said defendant Delphia A. Eisman knew at said time. Pinkney Sellers makes no defense in this suit, has been defaulted, and was when this action was brought, and is now, wholly insolvent. At the time this suit was begun said John A. Eisman had been adjudged a bankrupt, and was wholly insolvent and has since that time died, leaving no estate whatever. There is due on the note in favor of Margaret J. Whalen, as principal, interest and attorney's fees, the sum of $263.

As conclusions of law upon the foregoing facts the court states that the assumption by said John A. Eisman of the indebtedness set out in said deed from Pinkney

Sellers to him as part of the consideration thereof created a vendor's lien for the respective amounts thereof, and which vendor's lien can and ought to be enforced in favor of the several persons named therein as creditors of said Pinkney Sellers, who had not been paid; that said Simeon S. Johnson, administrator of Bottorff, deceased, Robert Kelley and Margaret J. Whalen, are all creditors, and entitled to enforce the vendor's lien on said real estate for the amount of their several claims, and that a decree should be entered in this cause for the enforcement of their said several liens, all of which should be included in one decree. A decree in accordance with the special finding of facts and conclusions of law was duly entered.

It is proper to say that every material fact averred in the complaint is found to be true; and no attempt is made to make the evidence a part of the record. The sufficiency of the evidence to sustain the special findings is not presented by motion for a new trial. The exceptions to the conclusions of law admit the correctness of the special findings, and so their correctness is unchallenged by any method or upon any ground; and an examination of the pleading discloses that such findings are within the issues. That the conclusions of law are warranted by these findings is clear. The decree resulted in subjecting certain real estate to the payment of the promissory notes executed by the grantor Sellers as principal and grantee Eisman as surety, for the conveyance of which real estate there was no consideration in fact but the promise to pay said notes. The vendor's liens of appellees Whalen, Kelley and Johnson, respectively, were created by the same instrument.

The controlling questions involved are practically the same as to each, and without further separate reference to the cross-complaints the decree is affirmed as to each of the appellees.

Chicago, etc., R. Co. *v.* Railroad Com., etc.—39 Ind. App. 358.

PER CURIAM.—It appearing to the court that since the submission of the cause, to wit, July 11, 1906, Margaret J. Whalen, one of the appellees, died intestate, it is ordered that decree on this appeal be entered as of the date of its submission.