PLEASANT SCHOOL TOWNSHIP *v.* FULTZ.

[No. 11,575. Filed November 23, 1922.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Overruling Demurrer.*—*Statutes.*—Under §350 Burns 1914, §345 R. S. 1881, no objection taken by demurrer and overruled shall be sufficient to reverse the judgment if it appears from the whole record that the merits of the cause have been fairly tried and determined. p. 29.

2. APPEAL.—*Review.*—*Harmless Error.*—*Overruling Demurrer.*—*Special Findings and Conclusions of Law.*—Where there are special findings and conclusions of law, any error in overruling a demurrer to the complaint is immaterial. p. 29.

From Wabash Circuit Court; *H. J. Paulus,* Special Judge.

Action by Noral L. Fultz against Pleasant School Township. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*D. F. Brooks,* for appellant.

*Nelson G. Hunter,* for appellee.

NICHOLS, P. J.—Action by appellee against appellant, in which each of the five paragraphs of complaint was based upon a township warrant issued to procure money to pay for the installation of a heating, plumbing and sanitary system in a new school building.

There was a demurrer to each paragraph of complaint, which was overruled. The case was tried by the court, and special findings of fact were stated, upon which there were conclusions of law in favor of appellee, upon which judgment was rendered.

The only error assigned in this court is the action of the court in overruling the demurrer to each paragraph of the complaint. Briefly stated, it appears by the special findings that the trustee of appellant township caused to be erected a new school building, and purchased and installed a heating, plumbing and sanitary system therein after competitive bids therefor. Separate contracts were entered into for the school building and the heating, plumbing and sanitary system between the respective contractors and said trustee on behalf of the township without any collusion, fraud, promise or intention to pay or repay any rebates or compensation directly or indirectly by any of said parties to said contract, and in the belief and with the intent to conform in all respects with the law of the state. Each of said contracts was signed by the trustee, but not by the advisory board; the parties thereto believing it unnecessary that such contract should be signed by the advisory board. The contracts were completed in substantial compliance with the plans and specifications and accepted by the trustee and advisory board. The schoolhouse and system were in every way suitable, useful and necessary for the school township and were received and used for school purposes by such township prior to December 28, 1912. At the time of such completion there were not sufficient funds in the hands of such trustee or the treasurer of the township to pay for the installation of the heating, plumbing and sanitary system and the trustee and advisory board on December 28, 1914, after considering said matter, authorized the issue of five township warrants here involved to appellee, each in the sum of $1,000, the proceeds of such warrants to be used in paying for the plant above mentioned, according to the contract. The balance over of $59 after such payment was paid into the special school fund. Said

trustee had theretofore made application to appellee for the loan of $5,000 with which to pay for this system.

At the November election, 1914, a new advisory board was elected, and had qualified before December 28, 1914, but they had not organized nor demanded the books and papers belonging to their said office, and made no objection to the old advisory board continuing their duties until January 1, 1915, and that such old board did so continue in good faith to perform their duties until January 1, 1915, and believed that they had a legal right so to do and that their term of office did not expire until January 1, 1915. Because of said irregularities, the issue of the warrants aforesaid was duly legalized by an act of the legislature passed at its regular session in the year 1919. See Acts 1919 p. 808. After conforming to the provisions of such act, appellee demanded of such township the payment of such warrants, which was refused, and this suit followed.

From this brief statement of facts it clearly appears that a right result has been reached. It is expressly provided in §350 Burns 1914, §345 R. S. 1881, 1, 2. that no objection taken by demurrer and overruled shall be sufficient to reverse the judgment if it appears from the whole record that the merits of the cause have been fairly tried and determined. See, also, *Brown* v. *Ogle,* 75 Ind. App. 90, 130 N. E. 147. It is well established by many authorities that, where there are special findings and conclusions of law, any error in overruling a demurrer to the pleading is immaterial. *Woodward* v. *Mitchell* (1895), 140 Ind. 406, 49 N. E. 437; *Pape* v. *Randall* (1897), 18 Ind. App. 53, 47 N. E. 530; *Smith, Trustee,* v. *Wells Mfg. Co.* (1897), 148 Ind. 333, 46 N. E. 1000; *Eiseman* v. *Whalen* (1906), 39 Ind. App. 350, 79 N. E. 514, 1072.

The judgment is affirmed.