KOUWENHOVEN, Respondent, v. GIFFORD et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 24, 1911.) Action by William H. Kouwenhoven against Electa Gifford and others. No opinion. Motion denied, without costs, on the ground that no final order has been entered herein from which an appeal lies to the Court of Appeals without permission from this court. Code Civ. Proc. § 190. See, also, 127 N. Y. Supp. 1128.

KOUWENHOVEN v. GIFFORD et al. (Supreme Court, Appellate Division, Second

Department. April 21, 1911.) Action by William H. Kouwenhoven against Electa Gifford and others. There was a judgment (127 N. Y. Supp. 1128) of the Appellate Division, affirming a judgment for. plaintiff, and defendant Augusta L. Brindley moves for leave to appeal to the Court of Appeals. Granted. See, also, supra. Gates Hamburger, for the motion. Edwin G. Wright, opposed.

JENKS, P. J.. The motion for leave to appeal to the Court of Appeals is granted. Our affirmance in this case was without opinion. We thought that the well-considered opinion of the Special Term, Crane, J., presiding, was sufficient. We agreed with the reasoning thereof, save with the entire expressions as to the counterclaim. The defendant urged her right to trial in this action upon that counterclaim, on the authority of Herb v. Metropolitan Hospital, 80 App. Div. 145, 80 N. Y. Supp. 552. But the defendant mortgagor (grantee of the owner of the premises) appeared as in undisturbed possession. It did not appear that an action was pending for possession by adverse claimant, or that the alleged defects amounted to total failure of consideration. There was no allegation of fraud in the sale of the premises. There was no allegation that the owner had lost the land in whole or in part. The owner apparently had exercised a full and an unrestricted ownership, as was indicated by the practical improvements made. It did not appear that any specific damages had been sustained. We thought, therefore, that the appeal, whereby it was sought to have trial upon the counterclaim as pleaded, should not prevail. See Jones on Mortgages, §§ 1502, 1503. Of course, our conclusion did not affect the right of separate action. Nevertheless, we have decided to permit an appeal from the order, upon such terms as would have enabled the appellant to obtain a stay upon appeal from a judgment of foreclosure herein. Motion for leave to appeal to the Court of Appeals granted, provided that the appellant within 10 days, give the same kind of security as is required by the Code of Civil Procedure on an appeal from the judgment herein. Settle order before the Presiding Justice.