### MESEROLE v. WILLIAMS.

(Supreme Court, Appellate Division, Second Department. November 1, 1912.)

VENDOR AND PURCHASER (§ 305*)—PURCHASE-MONEY MORTGAGE—FORECLOSURE—WARRANTY DEEDS.

A vendee, who has given a purchase-money mortgage, cannot, in an action by an assignee to foreclose, plead lack of consideration, in that the vendor had no title to part of the premises, where he has not been evicted.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 862, 865–872; Dec. Dig. § 305.*]

Appeal from Special Term, Kings County.

Action by Catharine M. Meserole against Richard J. Williams. From a judgment for plaintiff on the pleadings, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Benjamin Reass, of New York City, for appellant.
Charles C. Suffren, of Brooklyn, for respondent.

WOODWARD, J. This is an action to foreclose a purchase-money mortgage, made and delivered by the defendant to plaintiff's assignor. The defendant was in default, and had made a motion to open the de-

fault and for permission to serve an answer. By consent of the parties the answer was received by the plaintiff, and the motion was treated as one for judgment on the pleadings, and an order was made directing judgment for the plaintiff; the defendant appealing to this court.

The defendant's proposed answer does not deny any of the material allegations of the complaint, in so far as the merits of the making and delivery of the mortgage are concerned; and the other denials of information sufficient to form a belief are of matters of public record, so that it is clear that no issue is presented, unless it is to be found in the affirmative defense set up by the defendant. This affirmative defense alleges:

"That on or about the 5th day of February, 1906, one Jane Gilfeather entered into a contract with defendant, by which the said Jane Gilfeather agreed to sell and convey to this defendant the property described in the complaint herein, and to give to the defendant good and absolute title thereto and to execute a warranty deed thereof. That relying upon said contract, and in pursuance thereof, the defendant purchased the property from the said Jane Gilfeather, and paid her the price agreed in said contract to be paid for the same, and received from her a deed, dated January 28, 1908, conveying said property free and clear of all incumbrances, which deed contained full covenants of warranty and seisin" (setting forth the usual covenants).

Also:

"That relying upon said contract and said deed this defendant has made, executed, and delivered the bond and mortgage set forth in the complaint herein, which bond and mortgage were given as part of the purchase price of said property. That the said Jane Gilfeather was not seised of said premises in fee simple, and had not good right to convey the same, and the premises were not free from incumbrances. On the contrary, the title to said premises was bad and defective, and the said Jane Gilfeather did not have good title thereto, among other respects in the following particulars: That the said Jane Gilfeather did not have title to a strip of ground six inches or more in width extending through the center of the property conveyed. That a considerable portion of the premises conveyed were included between the lines of high and low water mark, and the said Jane Gilfeather did not have title to such property so included within said high and low water mark. That by reason of said defects the said title was unmarketable and the property without value, and this defendant has never received anything of value or any consideration for the execution and delivery of the said bond and mortgage. That subsequent to the making and delivery of the said deed and the said bond and mortgage the plaintiff acquired the same from the said Jane Gilfeather, and the rights of the plaintiff are subject to any defenses or equities which would have existed against said mortgage, were the same still owned by the said Jane Gilfeather."

There is no allegation or suggestion of fraud on the part of Jane Gilfeather, or any one connected with the transaction. There is no question that the defendant purchased the premises under a contract in 1906, and that he has been in possession of the same under his deed since 1908. Defendant's allegation that a considerable portion of the premises conveyed was included between the lines of high and low water mark, and the defendant's conclusion that Jane Gilfeather did not have title to the same, is hardly sufficient to raise an issue on the question of her title, assuming that the question was open here; for there might be circumstances where one would have a perfectly good

title between high and low water marks. But the decision here does not rest upon any such consideration. The plaintiff concededly purchased and went into possession of this property, paying a portion of the purchase price, and giving a bond and mortgage to secure the payment of the balance. He took a warranty deed, and if there is any defect in the title he has a remedy at law, and he cannot be permitted to set up alleged defects of this character for the purpose of defeating a purchase-money mortgage, where he is still in possession of the premises and there is no effort alleged on the part of anyone to evict him. "A purchaser of land, who has paid part of the purchase money and given a mortgage for the residue," say the court in Ryerson v. Willis, 81 N. Y. 277, 280, "will not be relieved against the security given, on the mere ground of a defect of title, where there is no allegation of fraud in the sale, and he has not been evicted. He will be remitted to his remedy at law upon the covenants in his deed." Shire v. Plimpton, 50 App. Div. 117, 122, 63 N. Y. Supp. 568, Kirtz v. Peck, 113 N. Y. 222, 231, 21 N. E. 130, 132. In the latter case the court say:

"Assuming, therefore, the possession of the premises by the defendant under his deeds and the contract, he had acquired such an interest in the lands as would constitute a good consideration for a promise to pay their purchase price. So long as the purchaser of lands remains in possession under his deeds, he has no defense to an action for the purchase price."

The defendant, in alleging that he has received no consideration for the mortgage because of an alleged defect in title, is out of harmony with the other facts pleaded. He does not question the title to some portions of the premises, and as he has all along been in possession of all the premises under the terms of his deed, and no one has sought to evict him, he cannot be heard to say that he has had no consideration for the bond and mortgage, and the learned court at Special Term properly granted the plaintiff's motion for judgment upon the pleadings. The case appears to be in harmony with Kouwenhoven v. Gifford, 143 App. Div. 913, 127 N. Y. Supp. 1128, and the plaintiff should not be put to further trouble and annoyance in enforcing her rights under the mortgage.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.