May McLoughlin, by Margaret Mitchell, Her Guardian ad Litem, Appellant, v. Brooklyn Heights Railroad Company, Respondent.— Judgment and order reversed and new trial granted, costs to abide the event, because of error appearing at folio 113 of the record on appeal. Jenks, P. J., Burr, Thomas, Carr and Putnam, JJ., concurred.

Bessie McNamara, Respondent, v. Kranich & Bach, Appellant.— Without considering whether the action in replevin is a defense to the present action, it is decided that the evidence preponderatingly shows that the defendant, induced thereto by the plaintiff, did not sell the piano after thirty days and within sixty days of the taking thereof, whereby at the time this action was begun there was an existing waiver by the plaintiff of the sale of the property. In such view, finding of fact XIV is against the weight of the evidence. That finding is " that the plaintiff did not enter into an agreement with the defendant waiving the sale of the property at public auction." Judgment reversed, upon the law and the facts, and new trial granted, costs to abide the event. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

Catharine M. Meserole, Respondent, v. Richard J. Williams, Appellant. — Judgment affirmed, with costs, upon the authority of *Meserole* v. *Williams* (153 App. Div. 306). Jenks, P. J., Burr, Carr, Stapleton and Putnam, JJ., concurred.

Edward J. Murphy, Respondent, v. Long Island Electric Railway Company, Appellant.— Order reversed, with costs, and verdict unanimously reinstated, with costs. (See *Simonsen* v. *Brooklyn Heights R. R. Co.*, 53 App. Div. 478.) Present — Jenks, P. J., Burr, Carr, Stapleton and Putnam, JJ.

Malachi Nolan, Appellant, v. The City of Mount Vernon, Respondent. — Judgment of the County Court of Westchester county reversed and new trial ordered, costs to abide the event. The complaint shows that in connection with the repairing of the street a temporary crosswalk was provided for the public; that defendant either placed a dangerous obstruction on this walk or, with notice of the obstruction so placed, negligently suffered it to remain there, so that plaintiff, while lawfully walking over such crosswalk, was caused to trip and fall over such obstruction. This made a cause of action. (*Finkle* v. *Village of Valatie*, 114 App. Div. 251.) Jenks, P. J., Carr and Putnam, JJ., concurred; Burr and Stapleton, JJ., dissented.

Park & Tilford, Respondent, v. Maria S. Halstead, etc., Appellant.— Order affirmed by default, with ten dollars costs and disbursements. Jenks, P. J., Burr, Thomas, Stapleton and Putnam, JJ., concurred.

Susan A. Phelps, Appellant, v. John Walter Phelps, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion that supplemental summons issue and supplemental pleadings be made granted, with ten dollars costs. No opinion. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

Susan A. Phelps, Appellant, v. John Walter Phelps, Respondent.— Appeal dismissed, with ten dollars costs. No opinion. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.