## SIMON v. NEEF.

(Supreme Court, Appellate Division, Second Department.   December 19, 1913.)

MORTGAGES (§ 415*)—FORECLOSURE—COUNTERCLAIM—BREACH OF COVENANT OF DEED.

   A deficiency judgment being asked against defendant in mortgage fore-
closure, he may counterclaim for breach of the covenant of plaintiff's deed
against incumbrances.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1210–1224; Dec.
Dig. § 415.*]

Appeal from Kings County Court.

Action by Lena Simon against Catherine A. Neef.   From an ad-
verse order, defendant appeals.   Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and
PUTNAM, JJ.

Raphael Link, of New York City, for appellant.
A. Sidney Galitzka, of Brooklyn, for respondent.

JENKS, P. J.   This appeal is from an order of a County Court
that grants judgment on the pleadings in a foreclosure of a mort-
gage on realty and appoints a referee to compute.   The sole question
for consideration arises upon the counterclaim of the defendant mort-
gagor, against whom a deficiency judgment is asked.   She pleads that
the deed of conveyance, among other things, contained a covenant
on the part of the plaintiff that the premises were free from all in-
cumbrances; that, on information and belief, at the time of the con-
veyance the premises were not free, but that the title then and there-
tofore was and now is in the city and the state of New York; that
the premises were originally land under water, which have been filled
in; that the Supreme Court of this state has decided that a title sub-
stantially similar was defective, and not in the owners of record, but
in the said city and state; that for the foregoing reason, and others,
the title attempted to be granted and conveyed by the plaintiff was
wholly defective and valueless; that the plaintiff has not warranted
and defended the title to his defendant, but, on the contrary, the said
city and state at the times aforementioned have the superior and par-
amount title.   She asks for damages, and asserts her willingness and
ability, and makes the offer to place the plaintiff in statu quo, to de-
liver up the premises, and to convey them with all the right, title, and
estate granted by the plaintiff to her.

I think that the counterclaim should not have been disregarded.
Shire v. Plimpton, 50 App. Div. 117–122, 63 N. Y. Supp. 568; Merritt
v. Gouley, 58 Hun, 372, 12 N. Y. Supp. 132; Wiltsie on Mortgage
Foreclosures, § 447; Merchants' Nat. Bank v. Snyder, 52 App. Div.
612, 65 N. Y. Supp. 994.   The reasons are well stated in Shire v.
Plimpton, supra, and need not be restated.   It is quite true that when
a purchaser has possession under the deed he cannot defend on defect
of title, save in case of fraud or failure of consideration (McConihe
v. Fales, 107 N. Y. 404, 14 N. E. 285), for the reason that the court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
   144 N.Y.S.—48

would not arrest the action on the debt so long as the debtor was not evicted (Platt v. Gilchrist, 3 Sandf. 118; Dunning v. Leavitt, 85 N. Y. 30–36, 39 Am. Rep. 617, and cases cited). But we are considering a counterclaim in an action where a personal claim is asserted against this defendant. The cardinal rule of equity is to dispose at one time of all the causes of action "between the same parties arising from the same subject-matter." General Underwriting Co. v. Stilwell, 139 App. Div. at 190, 123 N. Y. Supp. 653.

We are cited to our decision in Kouwenhoven v. Gifford, 144 App. Div. 355, 128 N. Y. Supp. 1129. I may say, in the words of Chase, J., in Cassada v. Stabel, 98 App. Div. 605, 90 N. Y. Supp. 536:

"Each case must be determined after a careful consideration of the facts upon which a breach of the covenant is claimed."

I advise that the order be reversed, with $10 costs and disbursements. All concur.