HISCOCK, CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Motions denied.

CHARLES B. PEABODY et al., as Trustees under Certain Deeds of Trust Executed by GEORGE PEABODY, Respondents, *v.* MARY C. KENT, as Executrix of EDWARD H. KENT, Deceased, et al., Defendants, and JOHN J. SINNOTT, as Receiver of PEABODY CLAY COMPANY, Appellant.

Mortgage — foreclosure — when grantee of land may not defend against foreclosure by alleging failure of title to land in grantor — when mortgagee cannot be charged for improvements.

1. A grantee of land in undisturbed possession and enjoyment thereof who has given a purchase-money mortgage in part payment therefor may not defend against foreclosure by alleging failure of title in his grantor.

2. When an action to foreclose a purchase-money mortgage is defended upon the ground that the grantors possessed no valid power to convey, which fact was apparent to the grantee when he took the conveyance and gave the mortgage, and there is no claim of eviction by paramount title or an unconditional offer of surrender of the mortgaged premises, there is no equitable basis for imposing the expense of improvements on the mortgagee.

*Peabody* v. *Kent*, 153 App. Div. 286, affirmed.

(Argued October 22, 1914; decided November 24, 1914.)

APPEAL from a judgment, entered December 6, 1912, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an interlocutory judgment of Special Term in favor of defendant, appellant, and directed judgment of foreclosure and sale in an action to foreclose a purchase-money mortgage.

The facts, so far as material, are stated in the opinion.

*Winfield L. Morse* for appellant. The trusts sought to be created by the trust deeds of September 28, 1869, are illegal and invalid under the laws of this state in so far as the real estate situated in the state of New York was sought to be affected, and by reason thereof no title vested in Kent under the trustees' deed to him and the mortgage given by him as part of the purchase price, which is now sought to be foreclosed, was without consideration and is unenforceable in this action. (*Hone* v. *Van Schaick*, 7 Paige, 221; *Boynton* v. *Hoyt*, 1 Den. 53; *Bean* v. *Bowen*, 47 How. Pr. 306; *Matter of Snyder*, 21 N. Y. Supp. 430; *Staples* v. *Hawes*, 39 App. Div. 548; *McGuire* v. *McGuire*, 80 App. Div. 63; *Stewart* v. *Woolley*, 121 App. Div. 531; *Tucker* v. *Tucker*, 5 N. Y. 408; *Garvey* v. *McDavitt*, 72 N. Y. 556; *Smith* v. *Edwards*, 88 N. Y. 92; *Underwood* v. *Curtis*, 127 N. Y. 523.) The receiver is not estopped from denying the validity of the bond and mortgage, because still in possession of the premises and not evicted by a paramount title. (*Loeb* v. *Willis*, 100 N. Y. 231.) The total failure of title or consideration, coupled with the offer of the defendant, appellant, receiver to surrender and deliver up possession of the premises to the plaintiffs, takes this case out of the general rule that there must be an eviction before the foreclosure of a mortgage can be resisted successfully. (*Gifford* v. *Matthew T. A. B. Society*, 104 N. Y. 139.)

*Frank M. Avery, Edgar J. Phillips* and *Earl A. Darr* for respondents. The Peabody Clay Company and its predecessor, the Peabody Enamel Brick, Tile and Fireproofing Company, having assumed and agreed to pay the purchase-money mortgage foreclosed herein, the appellant John J. Sinnott, as receiver of the Peabody Clay Company, is estopped from contesting the validity of said mortgage. (*Newton* v. *Evers*, 143 App. Div. 673; *Freeman* v. *Auld*, 44 N. Y. 50; *Parkinson* v. *Sherman*, 74 N. Y. 88; *Gifford* v. *Matthew T. A. B. Society*, 104

N. Y. 139; *Ritter* v. *Phillips*, 53 N. Y. 586; *Hartley* v. *Harrison*, 24 N. Y. 170; *Bostwick* v. *Young*, 118 App. Div. 490, 496; 194 N. Y. 516; *Gottlieb* v. *Miller*, 154 Ill. 44; *Great Western Tel. Co.* v. *Loewenthal*, 154 Ill. 261; High on Receivers [4th ed.], 624, § 440; *Nealis* v. *Insley*, 33 Misc. Rep. 742.) The Peabody Clay Company and John J. Sinnott, as receiver, having since the 20th day of May, 1905, been in undisturbed possession and enjoyment of the real property affected by the mortgage in suit, may not continue to keep possession and resist the foreclosure of a mortgage which said company had assumed and agreed to pay. (*Gifford* v. *Matthew T. A. B. Society*, 104 N. Y. 139; *Parkinson* v. *Sherman*, 74 N. Y. 88; *Kirtz* v. *Peck*, 113 N. Y. 222.)

WILLARD BARTLETT, Ch. J.   This is a suit to foreclose a purchase-money mortgage for $90,000. The property covered by the mortgage belonged in 1869 to George Peabody of Massachusetts, the noted philanthropist. In that year he conveyed it, together with lands situated in other states, to three persons in trust " to manage, sell and dispose of the same upon such terms and in such manner as they shall deem best and to reinvest the proceeds and accruing interest and proceeds thereof." At the expiration of five years from the date of the trust deed, the trustees were directed to divide the trust fund in their hands into seventeen equal shares; and then, or as soon thereafter as they might deem expedient, they were to pay over six and one-half shares to eleven persons named in the deed, one share each to two of such persons and one-half share to each of the others. The trustees were further directed to invest the remaining ten and one-half shares for the children of specified persons, to whom they were to be paid over at the expiration of ten years or as soon thereafter as might be expedient.

By a deed dated December 3, 1903, the trustees conveyed the Westchester property in controversy, which

they had acquired under the aforesaid instrument, to Edward H. Kent for a nominal consideration of $300,000. The real consideration was $100,000, of which $5,000 was paid in cash, $5,000 was allowed as a commission to Kent, and $90,000 was paid by the execution of the purchase-money mortgage in suit. Kent thereafter conveyed the premises to a corporation known as the Peabody Enamel Brick Tile and Fire Proofing Company, subject to the mortgage which the grantee assumed and agreed to pay; and that corporation in turn made a conveyance thereof to the Peabody Clay Company, which also took the property subject to the mortgage and agreed to pay it. The appellant is a receiver of the Peabody Clay Company. Default having been made in complying with the conditions of the purchase-money mortgage, the present suit was brought.

Although the trust deed from George Peabody was not attacked in the answer of the appellant, the learned judge who tried the case at Special Term pronounced the trusts which it sought to create illegal under the laws of this state. The result of this conclusion, as stated in his opinion, was "that the plaintiffs were powerless to sell the premises and conveyed nothing to Kent, and it follows that the mortgage now sought to be foreclosed was without consideration and is not enforceable in this action." Deeming that equity required the cancellation of the mortgage and a conveyance of the premises by the receiver to the surviving trustees of George Peabody, he directed such cancellation and conveyance upon payment by the trustees to the receiver of the reasonable value of the improvements placed upon the property by the two corporations which had held it. Interlocutory judgment was entered accordingly.

On appeal to the Appellate Division by the plaintiffs this interlocutory judgment has been reversed and judgment of foreclosure and sale has been directed. The Appellate Division agrees with the trial court that the

trust deed conveyed no title, but holds that the action is maintainable because the defense that his grantor had no title was not available to a grantee in possession under such circumstances as those disclosed by this record.

In the discussion concerning the validity of the trust deed in the courts below, the case of *Garvey* v. *McDevitt* (72 N. Y. 556) appears to have been overlooked. "A power of sale to be exercised after a definite term," said EARL, J., "is not necessarily an illegal restraint upon alienation; it does not necessarily suspend the absolute power of alienation. When the beneficiary under a power is also vested with the title to real estate as heir or devisee, he may before the power has been or could be exercised, convey the real estate by warranty deed, and thus defeat or annul the power of sale." The will under consideration in the case cited directed the executors at the expiration of four years after the decease of the testator to sell his real estate at public or private sale and pay over the proceeds to the Irish bishop of Raphoe upon certain trusts therein mentioned; and Judge EARL goes on to say: "If, therefore, the will had directed the proceeds of the sale of this real estate to be paid over absolutely to the Bishop of Raphoe for his own use, there would have been no difficulty with this power to be exercised after the lapse of four years. In that case, he, being the sole beneficiary of the power in his own right, could have released his right to the proceeds to the heirs of the testator, and thus perfected in them an absolute title, which could not afterwards be defeated by his exercise of the power." (p. 563.)

This makes it manifest that the validity of the power of sale in the present case depends upon the right of the beneficiaries to convey an absolute title and thus defeat the power. But as to this question we express no opinion. As has already been intimated, there was no issue as to the validity of the power in the present case and hence no occasion to pass upon it. The learned counsel for the

respondents in his oral argument before us complained of what the Appellate Division said on the subject, as casting a cloud on his clients' title, although the judgment was in his favor; and he asks us to negative the view expressed by that court on this branch of the case. This we cannot do, because we think a consideration of that question ought not to enter into the determination of the case at all.

The judgment of the Appellate Division must be upheld solely on the ground that a grantee of land, in undisturbed possession and enjoyment thereof, who has given a purchase-money mortgage in part payment therefor, may not defend against foreclosure by alleging failure of title in his grantor. (*Parkinson* v. *Sherman*, 74 N. Y. 88; *Gifford* v. *Father Matthew T. A. B. Society*, 104 N. Y. 139.) There was no allegation or pretense of eviction by paramount title in the present case; nor was there any unqualified offer of surrender as a basis for equitable relief. The offer of surrender, made at the close of the plaintiffs' case on the trial, was coupled with a demand in behalf of the receiver " that the trust estate be required to account to the receiver for any money which was spent upon this property by the purchasers." If an offer of surrender is relied upon as placing the grantee in the same position he would occupy if evicted by paramount title, the offer must be unconditional. To impose the expense of the improvements on the trustees in the present case would hardly be consistent with equity, as it seems to us, since if the grantors possessed no valid power to convey, that fact was just as apparent to the grantee when he took the conveyance and gave the purchase-money mortgage as it is now. The vice in the title, if there be any, appears on the face of the trust deed.

The judgment should be affirmed, with costs.

WERNER, CHASE, COLLIN, HOGAN, MILLER and CARDOZO, JJ., concur.

Judgment affirmed.