EDWARD G. BAILEY and HATTIE BAILEY PARKER, Respondents,
*v.* BESSIE FEAR and Others, Appellants.

Third Department, March 7, 1918.

Foreclosure — suit to foreclose purchase-money mortgage — counter-claim founded on breach of covenant by grantor — prior legal action for breach of covenant pending and undetermined.

Where a grantor of land sues to foreclose a purchase-money mortgage executed by the grantee, the latter, holding under a full covenant deed, cannot counterclaim damages sustained because of an alleged breach of covenant where there is pending and undetermined a legal action brought by the grantee against the grantor to recover damages for said breach of covenant if defendant neither asks nor offers to discontinue the prior action.

Under the circumstances the defendant will be held to have elected to pursue his remedy in the prior action and thus to have waived his counter-claim in the suit of foreclosure.

KELLOGG, P. J., dissented, with opinion.

APPEAL by the defendants, Bessie Fear and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on the 9th day of November, 1917, granting plaintiffs' motion for judgment on the pleadings and directing a reference.

*Hazel M. Cole,* for the appellants.

*Ernest L. Boothby,* for the respondents.

LYON, J.:

The question involved upon this appeal is whether a grantee under a full covenant deed can interpose as a counterclaim in an action brought by the grantor to foreclose a purchase-money mortgage the damages sustained by a breach of covenant when there is already pending an action by the grantee against the grantor to recover damages for such breach.

The facts are not in dispute. In August, 1914, the plaintiffs conveyed to the defendants Fear, by full covenant deed, three parcels of land situated in the city of Rensselaer, N. Y.,

for the consideration of $1,200, $600 of which was paid by the Fears in cash, and the remaining $600 by their bond secured by the purchase-money mortgage sought to be foreclosed in this action. In January, 1916, the defendants Fear, being indebted to the defendants herein other than defendant Nellis, and having no property other than said premises with which to pay said indebtedness, conveyed the said parcels of land to defendant Nellis as trustee for such creditors, Thereafter, defendant Nellis in the execution of said trust entered into an agreement with one Clark for the sale of the property for $1,000, subject to defendant Nellis being able to convey a good title thereto in fee simple. The title of the plaintiffs as grantors having apparently failed, and the plaintiffs not having perfected title after demand, the defendant Nellis as such trustee thereupon brought an action against the plaintiffs to recover the damages sustained by the Fears and their grantee by reason of the failure of title. Subsequently the grantors instituted this action, making no claim for deficiency, for the foreclosure of said mortgage upon which there was unpaid $550 with interest from January, 1917.

The defendants interposed an answer in which they alleged, *first*, as a defense, the facts as above set forth; *second*, as a counterclaim, said facts, except that they did not therein allege the pendency of the prior action, and asked to recoup against the amount unpaid upon the bond the damages sustained by the defendants by reason of the failure of title; and *third*, as a defense, that at the time of the commencement of this action there was an action pending in this court between defendant Nellis as such trustee as plaintiff, and the plaintiffs herein as defendants, to recover damages for the breach of the covenants of said deed by reason of such failure of title, the defendants alleging that the plaintiffs herein ought not to be permitted to prosecute this foreclosure action during the pendency of said prior action, and asked that this action be dismissed, with costs. The plaintiffs served a reply to said counterclaim admitting giving said deed but denying every other allegation thereof, and pleaded adverse possession. Said prior action is still pending, undetermined. Upon the issues in this action coming on for trial at the Albany Special Term in October, 1917, the court, over the objection of the

defendants, but in the absence of their asking permission or offering to discontinue said prior action, granted the plaintiffs' motion for judgment on the pleadings, and appointed a referee to compute the amount due the plaintiffs upon said bond and mortgage. From such order the defendants have taken this appeal.

While it was held in *Meserole* v. *Williams* (153 App. Div. 306) that defendants cannot plead as a defense in an action to foreclose a purchase-money mortgage alleged defects of title, it was held in *Simon* v. *Neef* (160 App. Div. 46), in which a deficiency judgment was demanded, that the court should not disregard a counterclaim for damages based upon the ground that the title to the property at the time of the conveyance by the plaintiff to the defendant was defective.

The defendants, however, in the case at bar, having alleged as a defense the pendency of a prior action brought by them to recover the· damages claimed to have been sustained by them by reason of a breach of the covenants contained in the deed to them, in which action the defendants had the right to insist upon a trial by jury, and which action was still pending and undetermined, and which the defendants neither asked nor offered to discontinue, and not being entitled to two trials of that issue, must be held to have elected to pursue their remedy in the prior action and to have waived their counterclaim, and the Special Term was right in granting plaintiffs' motion for judgment on the pleadings.

The order appealed from should be affirmed, with costs.

All concurred, except JOHN M. KELLOGG, P. J., dissenting in opinion.

JOHN M. KELLOGG, P. J. (dissenting):

The covenant of seizin was broken when the deed was delivered, and a cause of action arose thereon at that time. (*Mygatt* v. *Coe*, 124 N. Y. 212.)

The action was brought by the plaintiffs to recover the moneys agreed to be paid by the bond given for the purchase price; the mortgage was an incident to the bond and the indebtedness created thereby, and was given solely as collateral security for its payment. The object of the foreclosure action was to sell the mortgaged premises and apply the proceeds

thereof in payment of the bond, and for "such other or further relief, or both, in the premises as may be just and equitable." An answer having been interposed to the complaint, the plaintiffs could properly recover a deficiency judgment, as it would be "consistent with the case made by the complaint, and embraced within the issue." (Code Civ. Proc. § 1207.) The answer shows that the plaintiffs' liability for the breach of covenant was greater than the amount due upon the bond, and, if the facts had been proved, they would have defeated the recovery. The defendants' cause of action arose out of the transaction set forth in the complaint, and was directly connected with the subject of the action, and in every respect falls within the definition of a counterclaim. (Code Civ. Proc. § 501.)

Some of the cases indicate that in an action to foreclose a mortgage against the mortgagee in possession, he cannot set up as a counterclaim or recoupment a breach of covenant in the deed for which the mortgage was given. They evidently proceed upon the theory that no action lies for such breach until there is an eviction, and overlook entirely the fact that in case of a breach of covenant of seizin the cause of action arises the moment the deed is made, if there is a defect in title. We have sustained a counterclaim as a recoupment under facts very similar to those in this case. (*Peuser* v. *Marsh*, 167 App. Div. 604.)

A defendant may allege as many defenses as he has, even though they are not consistent with each other. It cannot be that the allegation in the answer that a former action is pending for a breach of the covenant waives the defendants' counterclaim and compels two actions where justice requires that the controversy be settled in one. I, therefore, dissent.

Order affirmed, with ten dollars costs and disbursements.