MARIE LINKE, Appellant,. v. JOHN E. CURLEY and Others, Respondents, and THE CITY OF NEW YORK, Defendant.— Judgment reversed upon the law and the facts, with costs, counterclaim dismissed, and judgment of foreclosure, etc., directed in favor of the plaintiff for the amount demanded in the complaint, with interest and costs.   In an action to foreclose a purchase-money mortgage the grantee may not defend against foreclosure by alleging failure of title in his grantor. (*Peabody* v. *Kent*, 213 N. Y. 154, 159, where it was said: " The judgment of the Appellate Division must be upheld·solely on the ground that a grantee of land

\* \* \* who has given a purchase-money mortgage in part payment therefor, may not defend against foreclosure by alleging failure of title in his grantor.") The authority of that case on the foregoing branch remains unimpaired by the decision in *Hilliker* v. *Rueger* (228 N. Y. 11) where it was held that an action for a breach of a covenant of seizin may be maintained even though there be no eviction. The latter decision nullifies any language to the contrary in *Peabody* v. *Kent* (*supra*). It is not, however, in disagreement with the earlier cases relied upon in *Peabody* v. *Kent*, in respect of the holding that the only remedy available for a breach of a covenant of seizin in a deed is one at law for damages (*Parkinson* v. *Sherman*, 74 N. Y. 88, 92), although those earlier cases assumed that recourse to that exclusive remedy might only be had in the event of there being an eviction. The latter limitation upon the rule has been eliminated by the decision in *Hilliker* v. *Rueger* (*supra*). The defendants, therefore, should be remitted to their action at law (*Mcserole* v. *Williams*, 153 App. Div. 306, 309) against their grantors with respect to the partial failure of title to the parcel involved. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and appropriate conclusions will be made. Lazansky, P. J., Hagarty, Carswell and Scudder, JJ., concur; Rich, J., dissents and votes to affirm. Settle order on notice.