ELIZABETH A. FOUT, Respondent, v. ERNEST J. WOLFE, Appellant, and FRED H. FOUT, Respondent.

Fourth Department, November 19, 1930.

*Willis H. Sargent,* for the appellant.

*Frank Hopkins* and *P. J. Tierney,* for the respondents.

TAYLOR, J. The action is in equity for the foreclosure of a purchase-money mortgage. The complaint demands a deficiency judgment against defendant Wolfe. Defendant has pleaded as law counterclaims breach of warranty of title and of quiet enjoyment — fraudulent misrepresentations as to title — and eviction, and has demanded a sum of money only as damages. These are valid counterclaims in this action. (Civ. Prac. Act, §§ 266, 425, subd. 1; *Simon* v. *Neef,* 160 App. Div. 46; *Merritt* v. *Gouley,* 58 Hun, 372; *Sherwood* v. *Fincke Co., Inc.,* 196 App. Div. 97; *Merry Realty Co., Inc.,* v. *Shamokin & H. R. E. Co., Inc.,* 186 id. 538; revd., on other grounds, 230 N. Y. 316; Wiltsie Mort. Forecl. [4th ed.] §§ 513, 514.)

Defendant's motion for leave to frame the issues raised by the counterclaims and the replies to them and to try the issues before a jury has been denied, resulting in this appeal. The learned Special Term denied the motion upon the ground that the defendant had not moved in time under the Rules of Civil Practice, rule 157.

The instant counterclaims state issues triable by jury, under subdivision 1 of section 425 of the Civil Practice Act (formerly section 968 of the Code of Civil Procedure). The mode of trial of the issues of fact arising under the counterclaims is the same as if they arose under a complaint (Civ. Prac. Act, § 424, formerly Code Civ. Proc. § 974). The action being in equity, section 429 of the Civil Practice Act furnished defendant a method of obtaining a jury trial of the counterclaim issues. The practice there indicated was adopted by defendant. Since rule 157 of the Rules of Civil Practice did not apply because defendant was entitled to a jury trial as a matter of statutory right, the motion was made in time under the Civil Practice Act sections cited. (*Deeves* v. *Metropolitan, etc., Co.,* 6 Misc. 91; affd., 141 N. Y. 587; *Herb* v. *Metropolitan Hospital,* 80 App. Div. 145.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.