THE GREEN POINT SAVINGS BANK, Respondent, v. HARRY KROKOW, Appellant, Impleaded with Others, Defendants.

Second Department, April 4, 1932.

*Harry Krokow,* for the appellant.

*Richard P. Charles [John S. Russell* with him on the brief], for the respondent.

DAVIS, J. In 1899 one Demarest conveyed certain premises in Brooklyn to the Second Church of Christ Disciples, a religious corporation. In the deed (as in the deed to Demarest) there was a covenant that no building should be erected on the lot within ten feet from the easterly line of Humboldt street. It was provided that this covenant was " to be binding upon and run with the land."

The grantee, in 1920, conveyed the same premises to the defendants Goodman with no restrictive covenant in the deed, and with a warranty that the premises were free from incumbrances. At the same time the Goodmans gave a mortgage for $2,800 as a part of the purchase price. This mortgage has passed by mesne assignments to plaintiff, by whom this action for foreclosure is brought. Except as to a part released, appellant Krokow is the present owner of the premises, holding title through mesne conveyances from the Goodmans, in none of which is there reference to the restrictive covenant. A demand for a deficiency judgment is made in the complaint against an earlier grantee, who undertook to pay the mortgage in consideration of an extension of the term thereof; but there is no such demand as against Krokow.

So far as it appears, Krokow is the only defendant who has answered. His answer sets up, *inter alia,* a defense and a counterclaim against the plaintiff — in substance, that the restrictive covenant constitutes an incumbrance on his premises in breach of the covenant of warranty, whereby he has been damaged in excess of the amount of the mortgage.

A motion to strike out the answer with this defense and counterclaim (as well as others) has been granted. The only question which merits discussion is the one indicated — whether such a defense and counterclaim may be interposed by this defendant.

Had the complaint asked a deficiency judgment against him,

there would be no doubt about his right. (*Simon* v. *Neef*, 160 App. Div. 46.) A counterclaim for any cause of action arising on contract and existing at the time of the commencement of the action may be interposed by one obligated to pay the bond and liable for a deficiency on the sale (*Hunt* v. *Chapman*, 51 N. Y. 555; *American Guild* v. *Damon*, 186 id. 360; *Fout* v. *Wolfe*, 231 App. Div. 11.)

A covenant against incumbrances is different from a covenant of seizin or of title. These latter are breached immediately if there is no good title. (*Hilliker* v. *Rueger*, 228 N. Y. 11.) Not so with covenants against incumbrances. A breach, other than nominal, occurs only when there is eviction, actual or constructive, disturbance of possession, or where some special damage arises. (*York* v. *Allen*, 30 N. Y. 104; *Geiszler* v. *De Graaf*, 166 id. 339; *Shire* v. *Plimpton*, 50 App. Div. 117; *Kramer* v. *Carter*, 136 Mass. 504.) Ordinarily, before eviction, the grantee may call upon the grantor to remove the known incumbrance, and then, if the grantor fails, may remove it himself and sue on his covenant. (*Grant* v. *Tallman*, 20 N. Y. 191.) But so long as he remains in undisturbed possession, there is no breach giving rise to more than nominal damages. Particularly is this true in an action for foreclosure where the remote grantee is not called upon to pay.

This doctrine never seems to have been questioned except for an obscure sentence occurring in the course of an opinion by COMSTOCK, Ch. J., in *National Fire Insurance Company* v. *McKay* (21 N. Y. 191). After holding that the defendant McKay (against whom no deficiency judgment was asked) could not interpose an answer and counterclaim in the foreclosure suit, it was said (p. 196): " In a foreclosure suit a defendant who is personally liable for the debt, or *whose land is bound by the lien*, may *probably* introduce an off-set to reduce or extinguish the claim." This was pure dictum, made with no explanation as to its meaning and with no citation of authority. It has on rare occasions been quoted in cases, but with no application to facts at all similar to those here. The last case in which it appears is *Schrieber* v. *Sawyer* (137 Misc. 498), where the question was whether an extension of the term of a mortgage was available to the present owner. Very likely the case was well decided on the facts, but it is doubtful if the rule above stated was applicable.

If we were disposed to interpret the expression " one whose land is bound by the lien " in respect to the right to interpose a defense or counterclaim where no deficiency judgment is sought, we would say that, if it applied to any person not obligated to pay, it was probably intended to mean a devisee, remainderman or reversioner,

or possibly a tenant in common who has not joined in the mortgage, or one in some similar situation, or perhaps one who had been actually evicted in breach of the covenant.

We think a remote grantee, not obligated to pay the mortgage, who has not been disturbed in possession, cannot set up as a defense or counterclaim an incumbrance of this nature. The eviction or loss of title in this action will not result from a breach of the covenant against incumbrances in the deed. The counterclaim does not tend to diminish or defeat the plaintiff's recovery; it does not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim; nor is it connected with the subject of the action. (Civ. Prac. Act, § 266.) Whatever remedy the appellant has is in an action against his grantor on the covenant. (*Peabody* v. *Kent*, 213 N. Y. 154; *Linke* v. *Curley*, 227 App. Div. 632; *Bogert* v. *Riordan*, 230 id. 866; Wiltsie Mort. Forec. [4th ed.] § 514.)

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., KAPPER, HAGARTY and TOMPKINS, JJ., concur.

Order granting plaintiff's motion to strike out the answer of defendant Harry Krokow affirmed, with ten dollars costs and disbursements.