THE DIME SAVINGS BANK OF BROOKLYN, Respondent, v. MADELINE J. FEENEY, Also Known as MADELINE FEENEY, and A. EDWARD FEENEY, Husband of the Said MADELINE J. FEENEY, Appellants.— Plaintiff's action is to foreclose a mortgage in the sum of $8,000 on defendants' premises. The complaint asks for a deficiency judgment against defendant A. Edward Feeney. Said defendant counterclaims for $3,860, being one-half the commissions claimed to have been earned by said defendant and one Brinberg in procuring a sale of other property of plaintiff, and demands an assignment of the bond and mortgage on payment of $4,140 by said defendant to plaintiff. These two sums aggregate the amount due on the mortgage. Without replying to the counterclaim, plaintiff moved on the pleadings and affidavits for summary judgment, which was granted. A referee to compute was appointed, and, on his report, judgment of foreclosure and sale was made. The counterclaim and the affidavits show that there is a question of fact to be tried, and it would be unjust to permit a sale of defendants' premises until a trial of the cause of action set up in the counterclaim. (Green Point Savings Bank v. Krokow, 235 App. Div. 126; Anglo & London-Paris Nat. Bank v. Jacobson Co., Inc., 196 id. 51; Curry v. Mackenzie, 239 N. Y. 267.) Order granting summary judgment and the judgment of foreclosure and sale reversed on the law and the facts, with ten dollars costs and disbursements, and motion for summary judgment denied, with ten dollars costs, with leave to plaintiff to reply within ten days from the entry of the order hereon. Carswell, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., not voting.

WILLIAM L. ENEQUIST, INCORPORATED, Appellant, v. VERONICA B. McKINNEY, Respondent.— Order of the County Court of Nassau county denying motion to bring in additional party defendant affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty and Johnston, JJ., concur; Davis, J., concurs, with the following memorandum: As there is in part at least a common question of fact to be established by the same witnesses, it would be proper in this case to bring in the other party as defendant under the provisions of sections 192, 193, 211 and 212 of the Civil Practice Act. Ordinarily the actions would be consolidated if plaintiff had brought separate suits against these parties, who, he claims, became liable to him for commissions in arranging an exchange of real property between them. But the right to bring in additional parties rests in judicial discretion in order that litigation may be facilitated in the courts and avoid a multiplicity of actions based on the same subject-matter. The county judge knows the condition of the calendar of his court, and whether it would prejudice any substantial right of the defendant were he to grant the motion bringing in another party with the incidental delay that would follow. It was within his discretion to deny the motion.