◼ FORT WILLIAM HENRY CORPORATION, Respondent, v. LAKE GEORGE INN, INC., et al., Appellants.— GABRIELLI, J. Respondent, in this foreclosure action, has obtained an order granting summary judgment from which the record owner appeals. Various defenses and counterclaims were interposed, only two of which merit the attention of this court. The default claimed by the mortgagee amounted to the sum of $41,792.30 consisting of $17,000 in principal and interest payments as well as the sum of $24,792.30 for delinquent taxes. Before the commencement of this action, the State had condemned a portion of the mortgaged premises and had awarded the sum of $42,000 in damages. This amount is still held by the State because respondent has refused to execute the necessary documents to permit payment. The foreclosure action, however, has been brought only against the remaining property. That the condemned parcel was a part of the mortgaged premises is conceded by respondent in paragraph 13 of its moving affidavit. It follows that had the amount held by the State been released and permitted to be used for payment to the mortgagee and the liquidation of delinquent taxes there would and could have been no default. Appellant has alleged a prior tender of the $17,000 due for principal and interest and, although there is discussion of this in respondent's brief, there is no denial of the tender either in the affidavits submitted for the motion or in respondent's reply. In addition, appellant has interposed a counterclaim in excess of the amount of the claimed default, based on respondent's breach of covenants to provide necessary water and sewage easements. The general rule that where there is a legally sufficient counterclaim for an amount in excess of the amount demanded in the complaint, summary judgment should be denied (*Illinois McGraw Elec. Co.* v. *John J. Walters, Inc.*, 7 N Y 2d 874; *Treacy* v. *Melrose Paper Stock Co.*, 269 N. Y. 155) applies with equal force to foreclosure actions (*Dime Sav. Bank of Brooklyn* v. *Feeney*, 246 App. Div. 769). By its order, Special Term granted summary judgment in the foreclosure action, struck the entire answer (containing the counterclaim), and then ordered a severance of this counterclaim to be later tried out. By reason of the allegations made by appellant regarding the mortgagee's refusal to execute the required documents permitting payment of the condemnation award (and perforce payment to respondent) it is possible that a trier of the fact could find that such conduct was oppressive, unconscionable and in bad faith and, in such event, foreclosure would be denied (*Ferlazzo* v. *Riley*, 278 N. Y. 289; *Blomgren* v. *Tinton 763 Corp.*, 18 A D 2d 979). In light of all these circumstances, summary judgment was improperly granted. The pleadings present triable issues of fact. Order reversed, on the law and the facts, with costs. Reynolds, J. P., Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.