■ A. Jack Shiffman, Appellant, v John Mancini et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered November 4, 1981 in Ulster County, which denied plaintiff's motion for summary judgment. The relevant facts are undisputed. Plaintiff is the owner and holder of a $10,000 mortgage note executed by defendants John and Jane Mancini* secured by a mortgage upon realty in Ulster County signed by Jane Mancini. No payments on the mortgage debt were ever made by defendants during a period exceeding four years. The subject foreclosure action was commenced in January, 1981. Six counterclaims were asserted in defendants' answer, only one of which merits our attention. The first affirmative defense and counterclaim avers that plaintiff failed to satisfy and discharge of record a mechanic's lien, as promised, until four years after the bargain and sale deed with covenant against grantor's acts was delivered to defendants. As a direct result thereof, defendants allege they suffered a loss of credit standing, were unable to borrow funds at reasonable rates and, in consequence thereof, sustained damages in the amount of $25,000. This appeal by plaintiff followed the denial of his motion for summary judgment against the Mancinis. This court in *Fort William Henry Corp. v Lake George Inn* (27 AD2d 884) reaffirmed that the general rule of denying summary judgment where there is a legally sufficient counterclaim for an amount in excess of the amount demanded in the complaint applies with equal force to foreclosure actions. Therefore, it is possible that a trier of the facts could conclude that plaintiff breached the covenant against encumbrances (Real Property Law, § 253, subd 6) and, further, given the length of time between delivery of the deed with accompanying possession of the mortgaged realty by defendants and discharge of the encumbering lien, the fact finder could determine that such delay was unconscionable and in bad faith. Thus, Special Term was correct in denying plaintiff's motion for summary relief. Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* All named defendants, other than John and Jane Mancini, are alleged to have some interest in or lien upon the mortgaged premises subordinate to plaintiff's lien. Plaintiff's motion was addressed only to defendants Mancini.